NORA FRIMANN, City Attorney (93249)
ARDELL JOHNSON, Assistant City Attorney (95340)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address:  cao.main@sanjoseca.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DERRICK SANDERLIN, CAYLA SANDERLIN, BREANNA CONTRERAS, PIETRO DI DONATO, SHANTE THOMAS, ADIRA SHARKEY, and JOSEPH STUKES, individually,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, EDGARDO GARCIA, JASON DWYER, CHRISTOPHER SCIBA, JONATHAN BYERS, JARED YUEN, and DOES 1-100, in their individual and official capacities, Jointly and Severally,<br><br>Defendants. | Case Number:  5:20-cv-04824-BLF<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND CLAIMS OR CAUSES OF ACTION THEREIN ALLEGED [Rule 12(b)(6)]** |

PLEASE TAKE NOTICE that on June 24, 2021, at 9:00 a.m. or as soon thereafter as the matter may be heard, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants, City of San Jose, Edgardo Garcia, Jason Dwyer, Christopher Sciba, Jonathan Byers, Jared Yuen, Ronnie Lopez, Lee Tassio and Jonathan Marshall will move the Court for an order dismissing Plaintiffs' claims as follows:

1

TABLE OF CONTENT

2

I.  MOTION AND SUPPORTING ARGUMENT TO DISMISS ALL CLAIMS ALLEGED
AGAINST DEFENDANT EDGARDO GARCIA.....................................................................7

3

4

II. MOTION AND SUPPORTING ARGUMENT TO DISMISS ALL CLAIMS ALLEGED
AGAINST DEFENDANT JASON DWYER ..........................................................................9

5

6

III. MOTION AND SUPPORTING ARGUMENT TO DISMISS ALL CLAIMS ALLEGED
AGAINST DEFENDANT CHRISTOPHER SCIBA..............................................................10

7

8

IV.  MOTION AND SUPPORTING ARGUMENT TO DISMISS ALL CLAIMS ALLEGED BY
DERRICK SANDERLIN, CAYLA SANDERLIN, BREANNA CONTRERAS, PIETRO DI
DONATO, ADIRA SHARKEY, JOSEPH STUKES AND VERA CLANTON AGAINST
DEFENDANT JONATHAN BYERS.....................................................................................11

9

10

11

V.  MOTION AND SUPPORTING ARGUMENT TO DISMISS ALL CLAIMS ALLEGED BY
DERRICK SANDERLIN, CAYLA SANDERLIN, BREANNA CONTRERAS, PIETRO DI
DONATO, ADIRA SHARKEY, JOSEPH STUKES AND VERA CLANTON AGAINST
DEFENDANT JARED YUEN ..............................................................................................12

12

13

14

VI.  MOTION AND SUPPORTING ARGUMENT TO DISMISS ALL CLAIMS ALLEGED BY
DERRICK SANDERLIN, CAYLA SANDERLIN, BREANNA CONTRERAS, PIETRO DI
DONATO, ADIRA SHARKEY, JOSEPH STUKES AND VERA CLANTON AGAINST
DEFENDANT RONNIE LOPEZ ..........................................................................................14

15

16

17

VII.  MOTION AND SUPPORTING ARGUMENT TO DISMISS ALL CLAIMS ALLEGED BY
DERRICK SANDERLIN, CAYLA SANDERLIN, BREANNA CONTRERAS, PIETRO DI
DONATO, ADIRA SHARKEY, JOSEPH STUKES AND VERA CLANTON AGAINST
DEFENDANT LEE TASSIO ................................................................................................15

18

19

20

VIII.  MOTION AND SUPPORTING ARGUMENT TO DISMISS ALL CLAIMS ALLEGED BY
DERRICK SANDERLIN, CAYLA SANDERLIN, BREANNA CONTRERAS,  PIETRO DI
DONATO, ADIRA SHARKEY, JOSEPH STUKES AND VERA  CLANTON AGAINST
DEFENDANT JONATHAN MARSHALL ..............................................................................15

21

22

23

IX. MOTION AND SUPPORTING ARGUMENT TO DISMISS ALL CLAIMS AGAINST THE
CITY OF SAN JOSE ..........................................................................................................16

24

25

26

X.  PLAINTIFFS' ALLEGATIONS DO NOT CONTAIN FACTS SUFFICIENT TO SUSTAIN
THEIR PURPORTED STATE LAW CAUSES OF ACTION ...............................................19

27

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT AND CLAIMS OR CAUSES OF ACTION THEREIN ALLEGED [Rule
12(b)(6)]

5:20-cv-04824-BLF

1786635

1

XI.  THE CLAIMS OF VERA CLANTON ARE NOT PROPERLY JOINED ........................20

XII. CONCLUSION..........................................................................................21

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT AND CLAIMS OR CAUSES OF ACTION THEREIN ALLEGED [Rule
12(b)(6)]

5:20-cv-04824-BLF

1786635

TABLE OF AUTHORITIES

1
2
**Cases**
3
*AE ex rel. Hernandez v. County of Tulare*
   (9th Cir. 2012) 666 F.3d 631 ........................................................................16

*Ashcroft v. Iqbal*
   (2009) 556 U.S. 662 .......................................................................................7

*Bay Area Rapid Transit District v. Superior Court*
   (1995) 38 Cal.App.4th 141 ...........................................................................19

*Bernini v. City of St. Paul*
   (8th Cir. 2012) 665 F.3d 997 ........................................................................13

*Collins v. Jordan*
   (9th Cir. 1996) 110 F.3d 1363 .......................................................................10

*Conservation Force v. Salazar*
   (9th Cir. 2011) 646 F.3d 1240 ........................................................................7

*Felarca v. Birgeneau*
   (9th Cir. 2018) 891 F.3d 809 ...............................................................8, 13, 19

*Forrester v. City of San Diego*
   (9th Cir. 1994) 25 F.3d 804 ....................................................................13, 19

*Galen v. County. of Los Angeles*
   (9th Cir. 2007) 477 F.3d 652 ........................................................................16

*Hafer v. Melo*
   (1991) 502 U.S. 21 ..........................................................................................8

*Jackson v. City of Bremerton*
   (9th Cir. 2001) 268 F.3d 646 ...................................................................13, 19

4

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT AND CLAIMS OR CAUSES OF ACTION THEREIN ALLEGED [Rule
12(b)(6)]

5:20-cv-04824-BLF

1786635

*Jessen v. County of Fresno*
  (9th Cir. 2020) 808 Fed.Appx. 432.................................................................18

*Jones v. Williams*
  (9th Cir.2002) 297 F.3d 930........................................................................ 12

*Kentucky v. Graham*
  473 U.S. 159...............................................................................................8

*Leer v. Murphy*
  (9th Cir.1988) 844 F.2d 628.......................................................................14

*Maxwell v. County of San Diego*
  (9th Cir. 2013) 708 F.3d 1075........................................................ 12, 14, 15

*Monell v. Department of Social Services of City of New York*
  (1978) 436 U.S. 658 .......................................................................16, 17, 18

*Pembaur v City of Cincinnati*
  (1986) 475 U.S. 469 ..................................................................................18

*Sprewell v. Golden State Warriors*
  (9th Cir. 2001) 266 F.3d 979.........................................................................7

*Starr v. Baca*
  (9th Cir. 2011) 652 F.3d 1202........................................................................8

*Taylor v. List*
  (9th Cir.1989) 880 F.2d 1040........................................................................8

*Will v. Michigan Dept. of State Police*
  (1989) 491 U.S. 58 ........................................................................................8

**Statutes**

42 U.S.C. § 1983 .......................................................................... 8, 14, 19

5

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT AND CLAIMS OR CAUSES OF ACTION THEREIN ALLEGED [Rule
12(b)(6)]

5:20-cv-04824-BLF

1786635

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cal. Civ. Code § 52.1 ......................................................................................19

Cal. Pen. Code § 407 .......................................................................................9

**Rules**

Rule 20(a)(1) of the Federal Rules of Civil Procedure ......................................20

Rule 12(b)(6) of the Federal Rules of Civil Procedure ................................ passim

Rule 20 of the Federal Rules of Civil Procedure ..............................................20

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT AND CLAIMS OR CAUSES OF ACTION THEREIN ALLEGED [Rule
12(b)(6)]

5:20-cv-04824-BLF

1786635

# I.   MOTION AND SUPPORTING ARGUMENT TO DISMISS ALL CLAIMS ALLEGED AGAINST DEFENDANT EDGARDO GARCIA

Defendant Edgardo Garcia hereby moves the Court for an order dismissing all claims alleged by all Plaintiffs in the First Amended Complaint ("FAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to allege facts sufficient to sustain a claim for relief or cause of action.

When the events alleged occurred, he was the Chief of Police. (FAC ¶ 15). The FAC alleges insufficient facts "to state a facially plausible claim to relief *Conservation Force v. Salazar* (9th Cir. 2011) 646 F.3d 1240, 1242. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678. Although the Court treats factual allegations as true unless they "contradict matters properly subject to judicial notice or by exhibit" *Sprewell v. Golden State Warriors* (9th Cir. 2001) 266 F.3d 979, 988, the Court must disregard "labels and conclusions" that are not supported by separately alleged facts. See *Iqbal* at p. 678 and *Sprewell* at p. 988 (the Court does not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). Once the Court has removed the unsupported naked assertions from a complaint, dismissal under Rule 12(b)(6) "is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force*, 646 F.3d at 1242 (internal quotations omitted).

There is no allegation in the FAC that Defendant Garcia personally participated in conduct against any Plaintiff, not even an allegation that he was present during any encounter mentioned in the FAC. Therefore, Plaintiffs allege no facts that warrant keeping him in this lawsuit, either for his personal conduct or in his supervisory role as Chief of Police.

An official may be liable as a supervisor only if (1) he or she was personally involved in the constitutional deprivation, or (2) a sufficient causal connection exists

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND CLAIMS OR CAUSES OF ACTION THEREIN ALLEGED [Rule 12(b)(6)]

5:20-cv-04824-BLF

1786635

between the supervisor's wrongful conduct and the constitutional violation. The requisite causal connection can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. *Felarca v. Birgeneau* (9th Cir. 2018) 891 F.3d 809, 819–20, citing *Starr v. Baca* (9th Cir. 2011) 652 F.3d 1202, 1207-1208. See also *Taylor v. List* (9th Cir.1989) 880 F.2d 1040, 1045 (A supervisor is liable under § 1983 for a subordinate's constitutional violations "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.").[1] Plaintiffs allege no facts that plausibly establish either criteria, so all their claims against Defendant Garcia fail.

Plaintiffs have also named Garcia as a defendant in his then official capacity as Chief of Police.  Lawsuits against government employees in their official capacity generally are just another way of pleading an action against the employing public entity. *Hafer v. Melo* (1991) 502 U.S. 21, 25.   Therefore, when these individuals are sued in their official capacity, the suits should be treated as suits against the State. *Id*. citing *Kentucky v. Graham*, 473 U.S. 159, 166.  State officials, when sued for monetary relief in their official capacities, are not persons under Title 42 U.S.C. § 1983.  An official-capacity suit against a state officer "is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself." *Hafer v. Melo*, *supra* at p. 26 quoting *Will v. Michigan Dept. of State Police* (1989) 491 U.S. 58, 71.  The fact that Chief Garcia is named in an official capacity is irrelevant and does not preclude dismissing him from the lawsuit because Plaintiffs have sued the City directly. Suing him in his official capacity is redundant and meaningless.  He should be dismissed from this action altogether.

---

[1] The legal principles applicable to this motion to dismiss apply to the motions of all other Defendants as well, but are not repeated in arguing their motions since the Court is well versed in those principles.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND CLAIMS OR CAUSES OF ACTION THEREIN ALLEGED [Rule 12(b)(6)]

5:20-cv-04824-BLF

1786635

## II.   MOTION AND SUPPORTING ARGUMENT TO DISMISS ALL CLAIMS ALLEGED AGAINST DEFENDANT JASON DWYER

Defendant, Jason Dwyer, hereby moves the Court for an order dismissing all claims alleged by all Plaintiffs pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to allege facts sufficient to sustain a claim for relief or cause of action and, also because he is entitled to qualified immunity.  When the events alleged occurred, Dwyer was a Captain, assigned as the San Jose Police Department's Special Operations Commander. (FAC ¶ 16). As with Chief Garcia, Plaintiffs do not allege a factual basis to establish Dwyer has supervisory liability. Plaintiffs allege nothing that even suggests Capt. Dwyer did anything to them individually, or that he participated with other officers or directed them to use excessive force against the Plaintiffs.  The only allegation against Capt. Dwyer is that, when he arrived at Seventh and Santa Clara Streets on May 29, 2020 at 5:00 PM, he "stepped into a war zone" and "made the call," *i.e.*, declared an unlawful assembly. (FAC ¶ 62).

That allegation fails as the basis for Plaintiffs to sue Capt. Dwyer because Plaintiffs' allegations admit the gathering had turned from peaceful to "chaos" shortly after 4:00 p.m. (FAC ¶ 61). Under California law, an unlawful assembly exists "[w]henever two or more persons assemble together to do an unlawful act, or do a lawful act in a violent, boisterous, or tumultuous manner." Cal. Pen. Code § 407. Plaintiffs, therefore, have no legal basis to impose liability on Capt. Dwyer for violating their constitutional rights.  Once, as Plaintiffs allege, the assembly turned from peaceful to chaos before he arrived on the scene, declaring the assembly was unlawful complied with the both the letter and spirit of Penal Code section 407.

Dwyer's unlawful assembly declaration occurred on May 29, 2020.  Therefore, it cannot serve as the basis for the claims of Plaintiff Thomas, who alleges the constitutional violation of her rights occurred on May 30; or the Claims of JT Stukes, who alleges the violation of his rights occurred on June 2, 2020; or claims by the new, but improperly joined Plaintiff, Vera Clanton, who alleged her rights were violated on May 31, 2020.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND CLAIMS OR CAUSES OF ACTION THEREIN ALLEGED [Rule 12(b)(6)]

5:20-cv-04824-BLF

1786635

Qualified Immunity precludes the other Plaintiffs' claims, all of which they base on the allegation that Capt. Dwyer was the one who declared the assembly.  It is clearly established law that protests or assemblies cannot be dispersed on the ground that they are unlawful unless they are violent, pose a clear and present danger of imminent violence, or they are violating some other law in the process. *Collins v. Jordan* (9th Cir. 1996) 110 F.3d 1363, 1371. Even so, Dwyer is entitled to qualified immunity in this case now because Plaintiffs' allegations are that he arrived as much as an hour after the purportedly "peaceful" protest devolved into chaos and first declared the assembly unlawful at that time. (FAC, ¶¶ 60-62). Notably, Plaintiffs did not allege there was no danger of imminent violence and they did not allege no one in the crowd was violating the law when Dwyer declared the assembly was unlawful.  Since the law requires the Court to assume Plaintiffs' fact allegations are true, likewise the Court must hold Plaintiffs to those facts alleged. Read most favorably to Plaintiffs, Dwyer did not declare the assembly unlawful until after it turned from peaceful into chao and that did not violate clearly established law.

## III.   MOTION AND SUPPORTING ARGUMENT TO DISMISS ALL CLAIMS ALLEGED AGAINST DEFENDANT CHRISTOPHER SCIBA

Defendant, Christopher Sciba, hereby moves the Court for an order dismissing all claims alleged by all Plaintiffs pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to allege facts sufficient to sustain a claim for relief or cause of action, and further, because he is entitled to qualified immunity. He was a San Jose Police Sergeant working in the Department's training unit when the events alleged in the FAC occurred. (FAC ¶ 49). The only factual allegations against Sgt. Sciba is that he prepared the training materials on the use of less lethal weapons and included in them a "cartoon depict[ing] two cavemen who fell a giant mammoth with their tiny arrow by shooting it in the groin" (Id.) and that he authorized untrained officers to be equipped with less-lethal weapons. (FAC, ¶ 51).

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND CLAIMS OR CAUSES OF ACTION THEREIN ALLEGED [Rule 12(b)(6)]

5:20-cv-04824-BLF

1786635

Plaintiffs do not allege Sciba did anything, or even that he was present at any of the alleged events. There is no factual allegation by any Plaintiff establishing a nexus between the alleged use of the cartoon for training purposes and any alleged injury any Plaintiff may have sustained. No Plaintiff alleges Sciba trained the officer who shot him or her with a projectile, or that the shooting officer even knew about, much less actually saw, the alleged cartoon. There is no factual allegation tying Sciba to any claim or injury Plaintiffs allege, therefor he is entitled to a dismissal of their claims.

Sgt. Sciba is entitled to qualified immunity on the alleged facts. The allegations admit his training materials informed trainees "where the shooter should aim and which body parts to avoid." (FAC, ¶ 49). Nothing alleged in the FAC even implies Sciba knew any officer enforcing the law during the events in question misconstrued or even could have mistakenly interpreted a cartoon depicting a giant mammoth shot in the groin with a tiny arrow as training or authorization to shoot at Derrick Sanderlin's groin, or any other body parts he had trained them not to target. Plaintiffs have no legal basis to impose liability on Sgt. Sciba other than the use of a cartoon which does not plausibly establish a causal relationship with any police action alleged in the FAC.

## IV.   MOTION AND SUPPORTING ARGUMENT TO DISMISS ALL CLAIMS ALLEGED BY DERRICK SANDERLIN, CAYLA SANDERLIN, BREANNA CONTRERAS, PIETRO DI DONATO, ADIRA SHARKEY, JOSEPH STUKES AND VERA CLANTON AGAINST DEFENDANT JONATHAN BYERS

Defendant, Jonathan Byers, hereby moves the Court for an order dismissing all claims alleged by Derrick Sanderlin, Cayla Sanderlin, Breanna Contreras, Pietro Di Donato, Adira Sharkey, Joseph Stukes, and Vera Clanton pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The motion is based on the complete absence of any allegation in the FAC that Byers did anything, participated in, or supervised any action against these Plaintiffs. Byers held the rank of Sergeant. (FAC ¶ 18). None of these Plaintiffs allege Byers had anything to do with the actions they allege caused their injuries or violated their constitutional rights. (See FAC ¶¶ 87-91).

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND CLAIMS OR CAUSES OF ACTION THEREIN ALLEGED [Rule 12(b)(6)]

5:20-cv-04824-BLF

1786635

1    To state a claim against individual officers, each plaintiff must prove which officer did

2  something that violated his or her constitutional rights.  This is a Ninth Circuit requirement.

3  See *Maxwell v. County of San Diego* (9th Cir. 2013) 708 F.3d 1075, 1097 ("We have long

4  held that officers may not be held liable 'merely for being present at the scene of an

5  alleged unlawful act' or for being a member of the same team as the wrongdoers"), quoting

6  *Jones v. Williams* (9th Cir.2002) 297 F.3d 930, 936–38).  Plaintiffs Derrick Sanderlin, Cayla

7  Sanderlin, Breanna Contreras, Pietro Di Donato, Adira Sharkey, Joseph Stukes and Vera

8  Clanton allege no facts identifying any officer they claim violated their constitutional rights.

9    Therefore, he is entitled to have their claims dismissed.

10

11  **V.    MOTION AND SUPPORTING ARGUMENT TO DISMISS ALL CLAIMS ALLEGED
       BY DERRICK SANDERLIN, CAYLA SANDERLIN, BREANNA CONTRERAS,
12      PIETRO DI DONATO, ADIRA SHARKEY, JOSEPH STUKES AND VERA
       CLANTON AGAINST DEFENDANT JARED YUEN**

13

14    Defendant, Jared Yuen, hereby moves the Court for an order dismissing all claims

15  alleged by Cayla Sanderlin, Breanna Contreras, Adira Sharkey, Joseph Stukes, and Vera

16  Clanton pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion is

17  based on the failure of these Plaintiffs to allege facts that plausibly establish Yuen did

18  anything to them that violated their constitutional rights.  Defendant Yuen also moves to

19  dismiss Plaintiff Di Donato's claims pursuant to qualified immunity.

20    Yuen was a San Jose Police officer at the time. (FAC, ¶ 19). The FAC alleges Yuen

21  "shot at Derrick Sanderlin at least once, along with two other officers" and that one of the

22  three projectiles hit Sanderlin. (FAC, ¶ 75). None of these Plaintiffs alleges any fact

23  sufficient to state a claim against Ofc. Yuen, with the possible exception of Pietro Di

24  Donato, but his allegations do not specifically accuse Yuen.  Di Donato claims he was

25  "threatened" by an officer with a baton who told him to back up after he approached the

26  police line. (FAC, ¶66). Di Donato also alleges "officers fired rubber bullets, flash

27  grenades, and tear gas on [him] and other nonviolent protestors." (Id.). And, that "[a]n

28  officer shot Peter in his lower left leg above his ankle." (FAC, ¶ 67).

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT AND CLAIMS OR CAUSES OF ACTION THEREIN ALLEGED [Rule
12(b)(6)]                                                                5:20-cv-04824-BLF

1786635

To the extent the Di Donato's allegations imply Yuen fired the shot that hit him, Yuen is entitled to qualified immunity. Di Donato's allegations admit an unidentified officer told him to back up and that he was shot after he "resolved not to back up any further." (FAC ¶¶ 66-67). Di Donato asserts he was shot "around 5:00pm." (FAC¶ 65). By that time, the unlawful assembly was declared. (FAC, ¶ 62).  Defendant contends no clearly established law defined the use of non-lethal munitions to direct participants in an unlawful assembly away from the assembled location.  See *Bernini v. City of St. Paul*, (8th Cir. 2012) 665 F.3d 997, 1006. Further, Di Donato's allegations preclude him from arguing the three less-lethal rounds shot toward him were unreasonable, or that the officers who fired them are not entitled to qualified immunity because they did not reasonably perceive he was a threat. Di Donato admits he approached an officer and only retreated a few feet at which point he resolved not to back up any further. He was participating in an unlawful assembly at that point and his refusal to comply with commands to move away reasonably represented a threat to officer safety.

Preceding Di Donato's conflict with police, Ninth Circuit decisions recognized cities have a legitimate interest in quickly dispersing and removing lawbreakers and preventing organized lawlessness in demonstrations with the least risk of injury to police and others. See *Forrester v. City of San Diego* (9th Cir. 1994) 25 F.3d 804, 807, and *Felarca v. Birgeneau* (9th Cir. 2018) 891 F.3d 809, 818 (citing *Jackson v. City of Bremerton* (9th Cir. 2001) 268 F.3d 646, 652-653 for the proposition government had a safety interest in controlling a mass of people where protestors here substantially outnumbered officers, refused to obey the officers' commands to disperse, shouted at the officers, and engaged the officers in verbal and physical altercations.).

Di Donato's allegations do not describe clearly unconstitutional conduct under the foregoing decisions. He admits confronting police officers in a crowd protest where violence was escalating, and remaining within a few feet of them after being ordered to back away. Yet, he was only hit in the lower leg, causing only a minor injury, comparable to the injuries alleged by plaintiffs in the *Felarca* case. Whoever fired the round that struck

13

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND CLAIMS OR CAUSES OF ACTION THEREIN ALLEGED [Rule 12(b)(6)]

5:20-cv-04824-BLF

1786635

1  Di Donato in the lower leg is entitled to qualified immunity because the use of an impact,

2  whether from a baton or a propelled projectile, causing only a minor injury was not

3  considered to be a constitutional violation when used to disperse an unlawful assembly.

4       It appears from the lack of facts alleged that these Plaintiffs pin their hope to survive

5  this motion on the conduct alleged by Jared Yuen. But each plaintiff must set forth specific

6  facts describing an individual defendant's conduct that proximately caused a violation of

7  that plaintiff's rights to pursue claims under 42 U.S.C. § 1983. *Leer v. Murphy* (9th

8  Cir.1988) 844 F.2d 628, 634. Having failed to do so, their claims must be dismissed.

10  **VI.  MOTION AND SUPPORTING ARGUMENT TO DISMISS ALL CLAIMS ALLEGED
11  BY DERRICK SANDERLIN, CAYLA SANDERLIN, BREANNA CONTRERAS,
      PIETRO DI DONATO, ADIRA SHARKEY, JOSEPH STUKES AND VERA
12  CLANTON AGAINST DEFENDANT RONNIE LOPEZ**

13       Defendant, Ronnie Lopez, hereby moves the Court for an order dismissing all claims

14  alleged by Derrick Sanderlin, Cayla Sanderlin, Breanna Contreras, Adira Sharkey, Joseph

15  Stukes, and Vera Clanton pursuant to Rule 12(b)(6) of the Federal Rules of Civil

16  Procedure. The motion is based on the failure of these Plaintiffs to allege facts that

17  plausibly establish Lopez did anything to them that violated their constitutional rights.

18       When the alleged events occurred, Defendant Lopez was a San Jose Police

19  Sergeant whom Plaintiff Shante Thomas alleges was present when Jared Yuen allegedly

20  shot projectiles into her apartment. (FAC, ¶ 85). That is the only allegation by any Plaintiff

21  against Sgt. Lopez. The purported claims by all other Plaintiffs must be dismissed because

22  they allege no factual basis to establish Sgt. Lopez harmed them in any way. See *Maxwell*

23  *v. County of San Diego, supra.*

24  ///

25  ///

26  ///

27  ///

28  ///

14

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT AND CLAIMS OR CAUSES OF ACTION THEREIN ALLEGED [Rule
12(b)(6)]

5:20-cv-04824-BLF

1786635

## VII.   MOTION AND SUPPORTING ARGUMENT TO DISMISS ALL CLAIMS ALLEGED BY DERRICK SANDERLIN, CAYLA SANDERLIN, BREANNA CONTRERAS, PIETRO DI DONATO, ADIRA SHARKEY, JOSEPH STUKES AND VERA CLANTON AGAINST DEFENDANT LEE TASSIO

Defendant, Lee Tassio, hereby moves the Court for an order dismissing all claims alleged by Derrick Sanderlin, Cayla Sanderlin, Breanna Contreras, Adira Sharkey, Joseph Stukes, and Vera Clanton pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion is based on the failure of these Plaintiffs to allege facts that plausibly establish Tassio did anything to them that violated their constitutional rights.

Tassio was a San Jose Police Sergeant when the events alleged in the FAC occurred. (FAC, ¶ 21).  The only alleged conduct by Sgt. Tassio is the purported direction for Jared Yuen to shoot projectiles into Shante Thomas' apartment. Nothing more. The claims of all other Plaintiffs fail, and must be dismissed because none of them allege any factual basis to sue Sgt. Tassio. *See Maxwell v. County of San Diego, supra.*

## VIII.   MOTION AND SUPPORTING ARGUMENT TO DISMISS ALL CLAIMS ALLEGED BY DERRICK SANDERLIN, CAYLA SANDERLIN, BREANNA CONTRERAS, PIETRO DI DONATO, ADIRA SHARKEY, JOSEPH STUKES AND VERA CLANTON AGAINST DEFENDANT JONATHAN MARSHALL

Defendant, Jonathan Marshall, hereby moves the Court for an order dismissing all claims alleged by Derrick Sanderlin, Cayla Sanderlin, Breanna Contreras, Adira Sharkey, Joseph Stukes, and Vera Clanton pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to allege facts sufficient to sustain a claim for relief or cause of action

Marshall was a San Jose Police Officer when the alleged events occurred. (FAC, ¶ 22).  The FAC alleges he "shot projectiles into Shante [Thomas'] apartment. (FAC, ¶86. It contains no other factual basis for any other Plaintiff to sue him. Therefore, their claims must be dismissed. *See Maxwell v. County of San Diego, supra.*

///

///

///

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND CLAIMS OR CAUSES OF ACTION THEREIN ALLEGED [Rule 12(b)(6)]

5:20-cv-04824-BLF

1786635

### IX. MOTION AND SUPPORTING ARGUMENT TO DISMISS ALL CLAIMS AGAINST THE CITY OF SAN JOSE

Defendant City of San Jose hereby moves the Court for an order pursuant to Rule 12(b)(6) dismissing all Plaintiffs' claims for relief and causes of action on the grounds that the FAC fails to state facts sufficient to support those alleged claims and causes of action.

In addition to suing City of San Jose employees in their official capacities, Plaintiffs' third cause of action alleges the City of San Jose is liable under *Monell*, for the claims asserted in their first and second causes of action. None of these claims are viable. To summarize, briefly, Plaintiffs' *Monell* liability theory rests on general allegations that policies and procedures, *etc.*, existed (a) to cover up constitutional violations, (b) to allow the "Code of Silence" to protect police officers, (c) to interfere with and chill individuals from exercising their rights under the First Amendment, (d) to use less lethal projectiles for crowd control, (e) to use less lethal projectiles against individuals peacefully exercising their First Amendment rights, (f) Allowing Defendant Byers to participate in crowd control, (g) allowing Defendant Yuen to use less lethal projectiles, and (h) allowing Defendant Sciba to train officers how to use less lethal weapons. (FAC, ¶ 123).

To prevail on their claims against the City, Plaintiffs must establish the City "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he [or she] suffered." *Galen v. County. of Los Angeles*, (9th Cir. 2007) 477 F.3d 652, 667, citing *Monell v. Department of Social Services of City of New York* (1978) 436 U.S. 658, 694-95.

A *Monell* claim requires more than a formulaic recitation that unlawful policies, procedures, or practices exist and a complaint which does not identify a specific policy is insufficient to withstand a motion to dismiss under Rule 12(b)(6). To state a claim, a plaintiff must plead facts sufficient to identify the specific policy, procedure, custom or practice that plausibly suggest the plaintiff is entitled to relief. See *AE ex rel. Hernandez v. County of Tulare* (9th Cir. 2012) 666 F.3d 631, 636-637. Plaintiffs' FAC in this case does not meet this standard.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND CLAIMS OR CAUSES OF ACTION THEREIN ALLEGED [Rule 12(b)(6)]

5:20-cv-04824-BLF

1786635

Plaintiffs' *Monell* allegations are in paragraph 123. It identifies no specific policy and alleges no facts that plausibly establish a particular policy, practice or procedure was the moving force behind either the alleged violation of Plaintiffs' right to protest[1] under the First Amendment, or the injuries Plaintiffs sustained in violation of their Fourth Amendment right to be free from excessive force and unreasonable seizures. Instead, the FAC alleges a formulaic description of what Plaintiffs characterize as policies, none of which have a causal nexus to their particular injuries.

The FAC alleges no facts that plausibly set forth how covering up constitutional violations by allowing or encouraging officers to file false police reports, etc. (FAC, ¶ 123(a)), all of which necessarily occur after an officer has taken action, was the moving force for anything Plaintiffs allege any officer did on May 29, 30 or 31, 2020 or June 2, 2020 before any of them wrote a report describing their actions on those days.

The FAC alleges no facts that plausibly set forth how the so-called "Code of Silence" (FAC, ¶ 123(b)), which Plaintiffs' allege is used to "cover-up" police misconduct was the moving force for any officer's alleged constitutional violation on either day of the protests. If a "cover-up" policy existed, it would hide constitutional violations after they occur and not be the moving force causing one.

The FAC does not identify any specific policy designed to chill speech, rather it relies on a purely formulistic description that it was "to interfere with, obstruct, and/or violate the rights of individuals in the exercised of constitutionally protected rights, and to chill and/or deter those individuals from exercising their rights . . ." (FAC, ¶ 123(c)). Based on this description, anything the police did might fall into this category. That allegation is insufficient to meet the specificity required to establish an unconstitutional policy.

_____

[1] Plaintiffs allege Defendants interfered with their First Amendment right to exercise free "speech, assembly, association and conscience," or retaliated because Plaintiffs exercised their right to assemble, associate and speak their conscience. (FAC., ¶ 111).

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND CLAIMS OR CAUSES OF ACTION THEREIN ALLEGED [Rule 12(b)(6)]

5:20-cv-04824-BLF

1786635

1    Likewise, the allegation that a City policy "to use 'less lethal' munitions . . . under

2 circumstances, where such use of force would be objectively unreasonable" (FAC, ¶

3 123(d)) is nothing more than a formulistic, conclusory allegation. The FAC alleges no facts

4 whatsoever establishing any such policy existed, or now exists, when the protests

5 occurred. The same is true of the allegation at paragraph 123(e), which differs only by

6 calling out the use of "less lethal munitions" against individual exercising their First

7 Amendment rights. It generically refers to a purported policy to use of "less lethal munitions

8 on individuals peacefully exercising their First Amendment right "because of their viewpoint

9 and/or the perceived content of their expression." (FAC, ¶ 123(e)). This allegation

10 suggests it was the City's policy to use less lethal force against everyone, anytime anyone

11 expressed any point of view. It is the prototypical formulistic, conclusory allegation that

12 courts repeatedly have deemed insufficient to allege a *Monell* claim.

13    Plaintiffs' remaining policy allegations have nothing at all to do with a City policy.

14 Instead, they refer to discretionary or tactical decisions, *i.e.* the field assignments given to

15 San Jose officers, Byers (FAC, ¶ 123(f), Tassio (FAC, ¶ 123(g), Yuen (FAC, ¶ 123(h), and

16 Sciba (FAC, ¶ 123(i)). These allegations do not support a *Monell* claim. See *Jessen v.*

17 *County of Fresno* (9th Cir. 2020) 808 Fed.Appx. 432, 436 ("'the fact that a particular official

18 . . . has discretion in the exercise of particular functions does not, without more, give rise to

19 municipal liability based on an exercise of that discretion'") quoting *Pembaur v City of*

20 *Cincinnati* (1986) 475 U.S. 469, 481-482].

21    Plaintiffs' third cause of action does not, collectively or singularly, allege any fact

22 identifying a specific policy that was a moving force for the alleged constitutional violations,

23 nor that plausibly suggest any plaintiff is entitled to relief against the City under *Monell*.

24 Moreover, the City cannot effectively defend itself against Plaintiffs' vaguely alleged, non-

25 descript policies and, therefore, it is entitled to have Plaintiffs' third cause of action

26 dismissed.

27 ///

28 ///

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT AND CLAIMS OR CAUSES OF ACTION THEREIN ALLEGED [Rule
12(b)(6)]

5:20-cv-04824-BLF

1786635

**X.   PLAINTIFFS' ALLEGATIONS DO NOT CONTAIN FACTS SUFFICIENT TO SUSTAIN THEIR PURPORTED STATE LAW CAUSES OF ACTION**

Defendants, and each of them, move to dismiss Plaintiffs' state law claims alleged in the Fourth, Fifth and Sixth causes of action alleged in the FAC. The Fourth Cause of Action falls together with each Plaintiff's failure to allege a factual basis sufficient to support the alleged violation of his or her constitutional rights. As discussed above, Plaintiffs, Cayla Sanderlin, Breanna Contreras, Pietro Di Donato, Adira Sharkey, Joseph Stukes and Vera Clanton all failed to allege facts sufficient to sustain their claims under 42 U.S.C. § 1983. That failure to do so also dooms their Fourth Cause of Action, alleging violation of the Bane Act, because it requires proof that each Defendant interfered with a Plaintiff's constitutional rights through threats, intimidation, or coercion.  Cal. Civ. Code § 52.1.

The Fifth Cause of Action is also dependent on and should fall with Plaintiffs failure to allege their constitutional rights were violated. There is nothing outrageous about police efforts to disperse a crowd that Plaintiffs' FAC admits was no longer peaceful and whose participants were confronting and challenging police officers like Plaintiffs, Sanderlin, Di Donato, Thomas, Stukes and others.  See *Forrester v. City of San Diego*, *Felarca v. Birgeneau*, and *Jackson v. City of Bremerton* (all cited at p. 13 supra).

The Sixth Cause of Action is unique to Cayla Sanderlin. It fails because she cannot recover damages based on the violation of her husband's civil rights under either 42 U.S.C § 1983 or the Bane Act.  Both limit the recovery of damages to the victim of the civil rights violation. See *Alderman v. United States* (1969) ("Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted.") and *Bay Area Rapid Transit District v. Superior Court* (1995) 38 Cal.App.4th 141, 144 (Bane Act is limited to plaintiffs who themselves have been the subject of violence or threats.).

///

///

///

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND CLAIMS OR CAUSES OF ACTION THEREIN ALLEGED [Rule 12(b)(6)]

5:20-cv-04824-BLF

1786635

1

### XI.  THE CLAIMS OF VERA CLANTON ARE NOT PROPERLY JOINED

2

Rule 20 in the Federal rules of Civil Procedure provides for the permissive joinder of

3

plaintiffs if they assert a right to relief arising out of the same transaction, occurrence, or

4

series of transactions or occurrences <u>and</u>, a question of law or fact common to all plaintiffs

5

will arise in the action. Fed. Rule Civ. Proc., Rule 20(a)(1).  Clanton's claims do not satisfy

6

either of these criteria. She was not present when any event alleged by any other Plaintiff

7

occurred. (FAC, ¶ 92). She alleges that she had a special status as an "Legal Observer for

8

the National Lawyers Guild." (Id.). Unlike any other Plaintiff, she was arrested for violating

9

curfew and for resisting, obstructing, or delaying an officer. (FAC, ¶ 94). Thus, there are no

10

common issues of fact between Clanton and the other Plaintiffs. The legal issues

11

underpinning her claim are also substantively different from those of all other Plaintiffs

12

given her claimed special status and the fact that she was arrested.

13

In fact, Ms. Clanton has filed an entirely new lawsuit disguised as an amendment to

14

claims that have no relationship to her own. Joinder is improper under Rule 20 and,

15

particularly, since her new claims fail to identify anyone whom she alleges violated her civil

16

right by arresting her or using excessive force against her, she should be dropped as a

17

plaintiff in this action or, alternatively here defective claims should be dismissed.

18

///

19

///

20

///

21

///

22

///

23

///

24

///

25

///

26

///

27

///

28

///

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT AND CLAIMS OR CAUSES OF ACTION THEREIN ALLEGED [Rule
12(b)(6)]

5:20-cv-04824-BLF

1786635

1

## XII.   CONCLUSION

2      Plaintiffs' FAC contains a long narrative of information and alleged facts which are

3 nothing more than a high level description of what they did at the events they attended,

4 evidently to their later regret for which they now desire to lay blame on police officers

5 whom they fail to identify or describe for injuries sustained while taking part in a  lawless

6 assembly. Where these Plaintiffs have failed, for reasons stated in this motion, to allege a

7 coherent and specific factual basis to sue an officer, those claims should be dismissed.

8 And, as discussed above, where Plaintiffs have not alleged officers violated a clearly

9 established constitutional right, those officers are entitled to qualified immunity and

10 dismissal of those claims.

11

12                                        Respectfully submitted,

13 Dated:  February 1, 2021              NORA FRIMANN City Attorney

14

15

16                                        By: ___/s/ Ardell Johnson_____
                                             ARDELL JOHNSON
17                                           Assistant City Attorney

18                                        Attorneys for Defendants, CITY OF SAN
                                          JOSE, EDGARDO GARCIA, JASON
19                                        DWYER, CHRISTOPHER SCIBA,
                                          JONATHAN BYERS, JARED YUEN,
20                                        RONNIE LOPEZ, LEE TASSIO, and
                                          JONATHAN MARSHALL

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT AND CLAIMS OR CAUSES OF ACTION THEREIN ALLEGED [Rule
12(b)(6)]                                                    5:20-cv-04824-BLF

1786635