UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DERRICK SANDERLIN, et al., <br> Plaintiffs, <br> v. <br> CITY OF SAN JOSE, et al., <br> Defendants. | Case No. 20-cv-04824-BLF <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS WITH LEAVE TO AMEND IN PART** |

The instant action is brought by eight individual Plaintiffs against the City of San Jose and various members of the San Jose Police Department for alleged civil rights violations flowing from protests in San Jose after the death of George Floyd. First Amended Complaint ("FAC"), ECF 38. Before the Court is Defendants' Motion to Dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(6). ECF 41. For the reasons stated below and on the record at the June 24, 2021 motion hearing, the Court GRANTS IN PART and DENIES IN PART the motion WITH LEAVE TO AMEND IN PART.

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9thCir. 2011) (quoting *Navarro v. Block*, 250 F.3d729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc*., 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig*., 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations

omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

The Court begins its discussions by highlighting a high-level defect in the operative pleading. Plaintiffs' claims under 42 U.S.C § 1983 are broad—they are brought by all Plaintiffs against all Defendants for a wide range of conduct. *See* FAC ¶¶ 112-123. The nature of the pleadings prevents the Court from meaningfully evaluating whether each Defendant's alleged conduct violated each Plaintiff's constitutional rights. The Court will not impose rigid rules on the pleadings, but will require that Plaintiffs more clearly allege the nature of the conduct underpinning each of their claims and connect the alleged conduct to a particular Defendant. For example, Plaintiffs appear to bring a § 1983 Fourth Amendment claim based on kettling. However, the kettling allegations are buried throughout the FAC and are untethered to any individual Defendant. *See* FAC ¶¶ 68, 99. The Court further notes that while Plaintiffs may properly allege § 1983 claims based on activity that, in the aggregate, violated Plaintiffs' Fourth Amendment rights, they must still present the Court with a cogent theory to this end.

The Court now turns to consider specific defects in the pleadings identified in Defendants' motion. First, the Court DISMISSES the claims against the individual Defendants in their official capacity WITHOUT LEAVE TO AMEND. *See* Mot. at 8. "In an official-capacity suit, the government entity is the real party in interest and the plaintiff must show that the entity's policy or custom played a part in the federal law violation." *Vance v. Cty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996); *see also Butler v. Elle*, 281 F.3d 1014, 1023 (9th Cir. 2002). "In contrast, in a personal-capacity suit, the plaintiff is trying to place liability directly on the state officer for actions taken under the color of state law." *Id*. (citing *Hafer v. Melo*, 502 U.S. 21, 25–27 (1991); *Brandon*

2

*v. Holt*, 469 U.S. 464, 471–73 (1985)). Because the individual Defendants are being sued in their official capacity as municipal officials and the municipal entity itself is also being sued, the claims against the individuals are duplicative and are accordingly dismissed. *See, e.g.*, *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1114 (E.D. Cal. 2012); *Hernandez v. City of Napa*, 781 F.Supp.2d 975, 1000, fn. 6 (N.D. Cal. 2011); *Vance*, 928 F. Supp. at 996.

The Court DISMISSES WITH LEAVE TO AMEND Plaintiffs' federal claims against Chief Eddie Garcia in his personal capacity. Mot. at 7-8. There is no allegation that Chief Garcia was involved in the protests in a personal capacity. While Plaintiffs argue that Chief Garcia "was the highest-ranking officer in the police department and it is alleged and reasonable to infer that he is a final decision maker on his department's policies and procedures and was directly involved in the decision to use tear gas, rubber bullets and kettling techniques on the protestors," Opp. at 22, Plaintiffs must provide non-conclusory facts to support this allegation. Similarly, Plaintiffs must state additional facts to support their allegation that "Police Chief Garcia . . . planned, authorized, ordered, permitted, and ratified the SJPD response to this entire demonstration." FAC ¶ 58. In particular, Plaintiffs must allege a causal connection between Chief Garcia's conduct and the constitutional violations alleged in the FAC. *See Felarca v. Birgeneau*, 891 F.3d 809, 819 (9th Cir. 2018).

The Court DENIES Defendants' motion to dismiss the federal claims against Captain Jason Dwyer in his personal capacity. Mot. at 9-10. Defendants argue that "Plaintiffs allege nothing that even suggests Capt. Dwyer did anything to them individually, or that he participated with other officers or directed them to use excessive force against the Plaintiffs. The only allegation against Capt. Dwyer is that, when he arrived at Seventh and Santa Clara Streets on May 29, 2020 at 5:00 PM, he 'stepped into a war zone' and 'made the call,' i.e., declared an unlawful assembly. (FAC ¶ 62)." Mot. at 9; *see also* FAC ¶ 62 ("Captain Dwyer would later say that 'when my boots hit the ground, at Seventh and Santa Clara, I stepped into a war zone,' and that 'at 5pm on Friday, I made the call immediately. It wasn't that difficult.' On that Friday, May 29, SJPD fired thirty-one pepper ball projectiles, thirty-two tear gas canisters and at least 400 foam batons and/or rubber bullets into the crowds."). But this allegation provides modest factual support to Plaintiffs' assertion that

3

Captain Dwyer "planned, authorized, ordered, permitted, and ratified the SJPD response to this entire demonstration." FAC ¶ 58. While the factual allegations against Captain Dwyer are thin, the Court nonetheless declines to dismiss the claims against him on this ground.

The Court DISMISSES WITH LEAVE TO AMEND Plaintiffs' federal claims against Sergeant Christopher Sciba in his personal capacity. Mot. at 10-11. As with the allegations against Garcia, there are no facts that establish that Sergeant Sciba was involved in the protests in a personal capacity. Nor are there any allegations that establish a causal connection between Sciba's training materials, *see* FAC ¶¶ 49- 50, and the constitutional violations committed against Plaintiffs. *See Felarca*, 891 F.3d at 819. For example, there are no allegations that Sciba trained any of the Defendants who allegedly violated the constitutional rights of the Plaintiffs. The FAC is also devoid of *facts* to support Plaintiffs' allegation that Sciba authorized untrained officers to be equipped with less-lethal riot guns. *See* FAC ¶ 51.

The Court DISMISSES WITH LEAVE TO AMEND the federal claims against Sergeant Jonathan Byers, Sergeant Ronnie Lopez, Sergeant Lee Tassio, and Officer Jonathan Marshall in their personal capacities except for those claims brought by Plaintiff Shante Thomas. Mot. at 11-12, 14-15; *see* FAC ¶¶ 81-91. There are no allegations in the FAC that allege any constitution violation by these Defendants against any other Plaintiff. Plaintiffs do not object to this dismissal. Opp. at 1.

The Court DISMISSES WITH LEAVE TO AMEND the federal claims brought by Plaintiffs Cayla Sanderlin, Breanna Contreras, Adira Sharkey, Joseph Stukes, and Vera Clanton against Officer Jared Yuen in his personal capacity. There are no factual allegations in the FAC that Officer Yuen violated any of these Plaintiffs' constitutional rights. *See, e.g.,* FAC ¶¶ 53-55 (allegations without reference to any Plaintiff), 66-67 (allegation of conduct against Peter di Donato), 73-74 (allegations without reference to any Plaintiff), 75-76 (allegation of conduct against Derrick Sanderlin). At request of the Plaintiffs, the Court also DISMISSES the federal claims brought by Peter di Donato against Officer Yuen WITH LEAVE TO AMEND. Opp. at 1.

Defendants also moved for dismissal on several claims against the Named Defendants and Doe Defendants based on qualified immunity. *See* Mot. at 9-14. The Court prefers to analyze this question in light of Plaintiffs' best pleading. As discussed at length above, there are major gaps in

4

the operative pleading. Until the allegations against the individual Defendants are properly pled, the Court cannot meaningfully analyze the existence of such immunity. And the Court is unaware of any caselaw that would allow it to grant qualified immunity to a Doe defendant. If Defendants are aware of such authority, the Court invites them to include it in any forthcoming motion to dismiss. Accordingly, the Court DENIES Defendants' motion on qualified immunity grounds.

Defendants move to dismiss Plaintiffs' *Monell* claims against the City of San Jose. Mot. at 16-18. This claim is based on a menagerie of alleged customs, policies, and practices by the City of San Jose Police Department. FAC ¶ 125. Some of the identified policies are not supported by sufficient factual allegations. *See* FAC ¶ 125(a)-(b). Other are so vague as to be meaningless. *See* FAC ¶ 125(c) (alleging policy "to interfere with, obstruct, and/or violate the rights of individuals in their exercise of constitutionally protected rights, and to chill and/or deter those individuals from exercising their rights . . . "); *see also* Mot. at 17 ("Based on this description, anything the police did might fall into this category."). Others still appear to allege discretionary decisions made by the San Jose Police Department—not policy violations. *See* FAC ¶ 125(f)-(i); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481–82 (1986) ("The fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion."). As to the remaining *Monell* allegations, FAC ¶ 125(d)-(e), Plaintiffs must plead additional facts that establish the existence of this policy at the time the protests occurred. In sum, the Court DISMISSES WITH LEAVE TO AMEND Plaintiffs' *Monell* claim.

Defendants also move to dismiss Plaintiffs' state law claims. Mot. at 19. Plaintiffs' fourth cause of action is a violation of California Civil Code § 52.1, also known as the Bane Act. FAC ¶¶ 130-133. The Bane Act serves as a state law remedy for constitutional or statutory violations accomplished through intimidation, coercion, or threats. *See Davis v. City of San Jose*, 69 F. Supp. 3d 1001, 1007 (N.D. Cal. 2014). While the pleading on this claim is thin, it appears to be predicated on the violation of Plaintiffs' Fourth Amendment rights. *See* FAC ¶ 131 ("The conduct of Defendants as described herein violated California Civil Code § 52.1, in that they interfered with each Plaintiff's exercise and enjoyment of his or her civil rights, as enumerated above, *through*

5

*excessive force and threats*." (emphasis added)); *but see* Opp. at 24 (Plaintiffs "sufficiently state claims for violations of their First and Fourth Amendment rights and therefore for California Bane Act violations."). The Court DISMISSES WITH LEAVE TO AMEND Plaintiffs' claims under Cal. Civ. Code § 52.1 to the extent this claim is predicated on Plaintiffs' § 1983 Fourth Amendment claim, which this Court has already dismissed. Plaintiffs' fifth cause of action is for intentional infliction of emotional distress. FAC ¶¶ 134-138. This claim is brought by all Plaintiffs against all Defendants. As the Court discussed above, Plaintiffs must connect each of their allegations to a particular Defendant so that the Court may meaningfully evaluate the legal viability of their tort claims. Accordingly, the Court DISMISSES this claim WITH LEAVE TO AMEND. The sixth cause of action is brought solely by Cayla Sanderlin for loss of consortium. FAC ¶¶ 139-143. Defendants argue that this claim fails because "she cannot recover damages based on the violation of her husband's civil rights under either 42 U.S.C § 1983 or the Bane Act." Mot. at 19. But Defendants offer no authority that prevents Cayla Sanderlin from bringing a claim for her loss of consortium flowing from the violation of her husband's civil rights. *See Gapusan v. Jay*, 66 Cal.App.4th 734, 742 (1998) ("a loss of consortium claim is separate and distinct, and not merely derivative or collateral to the spouse's cause of action"). The Court DENIES Defendants' motion on this ground.

Finally, Defendants move to dismiss the claims of Plaintiff Vera Clanton, arguing that she is not properly joined as a plaintiff. Mot. at 20-21. Fed. R. Civ. P. 20(a)(1) provides for the permissive joinder of plaintiffs if they assert a right to relief arising out of the "same transaction, occurrence, or series of transactions or occurrences" and a "question of law or fact common to all plaintiffs will arise in the action." The Court finds that Clanton's claims meet this standard as they arise out of the same set of facts—the civil rights protests between May 29 and June 2, 2020—and implicate similar legal questions—such as whether the San Jose Police Department violated Plaintiffs' First and Fourth Amendment rights. *See* FAC ¶¶ 9, 112-123, 144-158.

The Court GRANTS IN PART and DENIES IN PART the motion WITH LEAVE TO AMEND IN PART. Plaintiffs SHALL file an amended complaint no later than **August 30, 2021**. Plaintiffs may not add any new claims or parties without leave.

1 **IT IS SO ORDERED.**

Dated: June 29, 2021

_____
BETH LABSON FREEMAN
United States District Judge