**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DERRICK SANDERLIN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>    Defendants. | Case No. 20-cv-04824-BLF<br><br>**ORDER GRANTING THE STIPULATED MOTION TO SEAL**<br><br>[Re: ECF No. 110] |

On January 11, 2023, the parties filed a stipulated administrative motion to seal. ECF No. 110 ("Mot."). The parties seek to seal specified information in interrogatory responses from one of the plaintiffs, which interrogatory responses were an exhibit to a declaration submitted by Defendants in support of their motion for summary judgment. *See id.* The Court GRANTS the motion to seal.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a

1  document under seal, including an explanation of: (i) the legitimate private or public interests that
2  warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive
3  alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5
4  requires the moving party to provide "evidentiary support from declarations where necessary."
5  Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable
6  material." Civ. L.R. 79-5(c)(3).

## II.  DISCUSSION

Defendants filed a motion for summary judgment, and they submitted the Declaration of James Huang in support of the motion. Mot. ¶ 1; *see* ECF No. 101 (motion for summary judgment); ECF No. 100 (Huang Declaration). Attached to the Huang Declaration as Exhibit 15 was Plaintiff Joseph Stukes's responses to the City of San Jose's interrogatories, set 2. Mot. ¶ 2, Ex. A (interrogatory responses). The parties now seek to seal certain "private and sensitive information" in the interrogatory responses, including Stukes's current address, Stukes's spouse's name, and Stukes's employment history, including the location of his current employment. *Id.* ¶ 2. They identified the specific pages and lines they seek to redact. *See id.* The parties agree that this information should be sealed. *Id.* ¶ 3.

"In determining which standard applies to a motion to seal, '[t]he focus . . . is on whether the motion at issue is more than tangentially related to the underlying cause of action.'" *California Spine & Neurosurgery Inst. v. United Healthcare Ins. Co.*, No. 19-CV-02417-LHK, 2021 WL 1146216, at *2 (N.D. Cal. Feb. 12, 2021) (quoting *Ctr. for Auto Safety*, 809 F.3d at 1099). Because the motion at issue is a motion for summary judgment, the Court applies the compelling reasons standard. *See id.* (applying "compelling reasons" standard for an exhibit to a declaration filed in support of a motion for summary judgment); *see also Kamakana*, 447 F.3d at 1179, 1181 (applying "compelling reasons" standard for documents attached to a motion for summary judgment); *Microsoft Corp. v. Hon Hai Precision Indus. Co., Ltd.*, No. 19-CV-01279-LHK, 2020 WL 4901610, at *2 (N.D. Cal. Aug. 20, 2020) (applying "compelling reasons" standard to documents attached to a motion for summary judgment).

"The Ninth Circuit has found that compelling reasons exist to keep personal information

confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003); *Kamakana*, 447 F.3d at 1184) (allowing sealing of home addresses and financial account information); *see also Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (allowing sealing of third-party individuals' names, addresses, phone numbers, and email addresses); *Gomo v. NetApp, Inc.*, No. 17-cv-02990-BLF, 2019 WL 1170775, at *2 (N.D. Cal. Mar. 13, 2019) (allowing sealing of personal information about the spouses of executives of defendant company); *Seals v. Mitchell*, No. CV 04-3764 NJV, 2011 WL 1233650, at *3 (N.D. Cal. Mar. 30, 2011) (allowing sealing of employment and personnel records). The Court finds that the redacted information has minimal relevance to the case. Further, the request is narrowly tailored because only the identified personal information is redacted.

The Court rules as follows on the parties' proposed redactions:

| ECF No. | Document | Portions to Seal | Ruling |
| --- | --- | --- | --- |
| 100 | Ex. 15, Stukes's Interrogatory Responses | 140:25-141:1 | GRANTED, as containing Stukes's current address. |
| 100 | Ex. 15, Stukes's Interrogatory Responses | 145:3-4 | GRANTED, as containing Stukes's spouse's name and current address. |
| 100 | Ex. 15, Stukes's Interrogatory Responses | 146:13-147:1 | GRANTED, as containing Stukes's prior employment information and current employment location. |

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the stipulated sealing motion is GRANTED.

Dated: January 12, 2023

BETH LABSON FREEMAN
United States District Judge