UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DERRICK SANDERLIN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>    Defendants. | Case No. 5:20-cv-04824-BLF<br><br>**ORDER REGARDING ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>[Re: ECF No. 138] |

On December 9, 2024, Plaintiffs filed an Administrative Motion for Leave to File a Motion for Reconsideration of Order Granting Defendants' Motion for Summary Judgment for Bane Act pursuant to Civil Local Rule 7-9. ECF No. 138 ("Mot."). Plaintiffs request leave to file a motion for partial reconsideration of the Court's March 16, 2023 Order Granting in Part and Denying in Part Motion for Summary Judgment, ECF No. 122 ("MSJ Order"), insofar as that Order pertains to Plaintiffs' Bane Act claims, *see* Mot. at 4. Defendants oppose the administrative motion. ECF No. 144. For the following reasons, the Court *sua sponte* GRANTS LEAVE to file the partial motion for reconsideration, despite the fact that Plaintiffs did not make the showing required under Civil Local Rule 7-9.

**I.    LEGAL STANDARD**

Under Civil Local Rule 7-9(a), "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." The form and content of the motion for leave is dictated by Civil Local Rule 7-9(b), which states that "the moving party must specifically show reasonable diligence in bringing the motion" as well as one of the following:

(1) That at the time of the motion for leave, a material difference in fact or law exists from

that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
(2) The emergence of new material facts or a change of law occurring after the time of such order; or
(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). Whether to grant leave to file under Rule 7-9 is committed to the Court's sound discretion. *See Montebueno Mktg., Inc. v. Del Monte Corp.-USA*, 570 F. App'x 675, 676 (9th Cir. 2014). "Motions for reconsideration are generally disfavored, and are not the place for parties to make new arguments not raised in their original briefs." *Whalen v. Ford Motor Co.*, No. 13–CV–03072, 2018 WL 6069812, at *1 (N.D. Cal. Nov. 20, 2018).

## II. DISCUSSION

Plaintiffs argue in favor of reconsideration based on Civil Local Rule 7-9(b)(3), saying that "the Court did not consider material facts and dispositive legal arguments which were presented to the Court before its order." Mot. at 2. In particular, Plaintiffs note that the Court's MSJ Order concluded that Plaintiffs had failed to show evidence of "threats, intimidation, or coercion" other than those inherent in the alleged constitutional violations, and that therefore summary judgment should go to Defendants on the Bane Act claim. *Id.* at 3. Plaintiffs argue that Defendants made no such argument in their motion for summary judgment, and that "[a] plaintiff can prove a Bane Act claim by showing a violation of a right done . . . with reckless disregard," meaning that a separate showing of threats, intimidation, or coercion is not required. *Id.* at 3–4. Regarding "reasonable diligence," Plaintiffs say they meet that requirement because they sought leave to file their motion for reconsideration within two months after the mandate issued following their appeal of the Court's MSJ Order. *Id.* at 2.

In response, Defendants argue that Plaintiffs' opposition to Defendants' motion for summary judgment "contained no substantive legal argument related to their Bane Act claim at all, aside from one sentence lumping together the Bane Act claim with the Fourth Amendment seizure analysis." Opp. at 2 (citing ECF No. 113, Plfs.' Opp. to Def'ts.' Mot. for Summary Judgment at 15). In other words, Defendants argue that Plaintiffs' "failure to raise" the "reckless disregard"

2

1  theory stated in *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766 (2017), *as
2  modified* (Nov. 17, 2017), renders their motion for leave inappropriate, since the relevant
3  "dispositive legal argument[]" was not presented to the Court prior to the MSJ Order. *See id.* at 2–
4  4. Defendants also state that Plaintiffs have not shown reasonable diligence, although
5  immediately thereafter they say that "the delay in pursuing this motion is subject to debate." *Id.* at
6  4–5.

7        The Court agrees with Defendants on multiple points. First, Plaintiffs do not identify a
8  "material fact[]" that the Court failed to consider at the time of summary judgment, so the Court
9  interprets Plaintiffs' motion for leave to be based only upon the "dispositive legal argument[]"
10 portion of Civil Local Rule 7-9(b)(3). Second, it is true that Plaintiffs failed to expressly raise the
11 theory that "[r]eckless disregard of the 'right at issue' is all that [i]s necessary" to establish a Bane
12 Act violation, *Cornell*, 17 Cal. App. 5th at 804, at the motion for summary judgment stage. *See*
13 ECF No. 113 at 10–15 (arguing that there were disputed facts regarding whether the force used
14 was constitutionally permissible, and then stating that "[f]or the same reasons stated in this
15 section, the Bane Act claims survive" without mentioning specific intent). Since Plaintiffs did not
16 raise this argument at that time, the Court did not "fail[] . . . to consider . . . dispositive legal
17 arguments which were presented to the Court *before*" the MSJ Order. Civ. L.R. 7-9(b)(3)
18 (emphasis added). Finally, the Court agrees that Plaintiffs' diligence is questionable. For those
19 reasons, the Court finds that Plaintiffs have failed to establish the requisite elements to prevail on
20 their administrative motion under Civil Local Rule 7-9. For future reference, the Court also notes
21 that it is common for a party seeking leave to file a motion for reconsideration to include the
22 proposed reconsideration motion with its administrative motion, which Plaintiffs did not do here.

23       However, a district court also has inherent authority to modify its own order prior to
24 judgment. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 887
25 (9th Cir. 2001) ("[A] district court's authority to rescind an interlocutory order over which it has
26 jurisdiction is an inherent power rooted firmly in the common law."). In this case, the Court
27 concludes that it is in the interest of justice to permit Plaintiffs to fully brief their *Cornell* theory.
28 The Court will therefore *sua sponte* GRANT LEAVE for Plaintiffs to file their partial motion for

reconsideration.

**III.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs may file their Partial Motion for Reconsideration of Order Granting Defendants' Motion for Summary Judgment for Bane Act.  Plaintiffs' brief is limited to five (5) pages, as is Defendants' opposition brief.  A reply of two (2) pages is also allowed.  A briefing schedule will be set at the upcoming case management conference.

**IT IS SO ORDERED.**

Dated:  December 17, 2024

_____
BETH LABSON FREEMAN
United States District Judge

4