UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DERRICK SANDERLIN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF SAN JOSE, et al.,<br><br>　　　　Defendants. | Case No. 5:20-cv-04824-BLF<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION**<br><br>[ECF No. 148] |

On December 9, 2024, Plaintiffs sought leave to file a partial motion for reconsideration of this Court's Order Granting in Part and Denying in Part Motion for Summary Judgment (ECF No. 122), specifically as it pertained to Plaintiffs' Bane Act claims. ECF No. 138. Although Plaintiffs failed to make the showing required by Civil Local Rule 7-9, which governs administrative motions for leave to file a motion for reconsideration, the Court *sua sponte* granted leave to file the partial motion for reconsideration anyway. ECF No. 145.

**I.    LEGAL STANDARD**

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). In this district, a Rule 54(b) motion for reconsideration usually must satisfy additional requirements, set forth in Civil Local Rule 7-9(b). Specifically, reconsideration may usually be sought only if one of the following circumstances exists:

(1) That . . . a material difference in fact or law exists from that which was presented to the

> Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). However, reconsideration may also be based upon "a district court's authority to rescind an interlocutory order over which it has jurisdiction," which "is an inherent power rooted firmly in the common law." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001).

## II.   DISCUSSION

In its Order Regarding Administrative Motion for Leave to File Motion for Reconsideration (ECF No. 145), the Court has already addressed the requirements set out in Civil Local Rule 7-9(a) and concluded that Plaintiffs failed to establish the requisite elements under that rule. ECF No. 145 at 3. The Court thus proceeds here under its inherent authority to revise an interlocutory order over which it retains jurisdiction. *Baykeeper*, 254 F.3d at 887.

In their partial motion for reconsideration, Plaintiffs argue that the Court's summary judgment order disregarded case law establishing that "[a] plaintiff can prove a Bane Act claim by showing a violation of a right done . . . with reckless disregard." ECF No. 148 ("Mot.") at 4 (citing *Cornell v. City & Cnty. of San Francisco*, 17 Cal. App. 5th 766, 800–04 (2017), *as modified* (Nov. 17, 2017)). Plaintiffs believe that the Court disregarded this rule when it granted summary judgment in favor of Defendants because "Plaintiffs ha[d] not provided evidence of any 'threats, intimidation, or coercion'" other than the constitutional violations themselves. Mot. at 3; ECF No. 122 ("MSJ Order") at 37–38.

In response, Defendants argue that Plaintiffs "never pled in their Complaint or raised in their opposition to Defendants' motion [for summary judgment] the 'reckless disregard theory of intent'" that is set out in *Cornell*. ECF No. 150 ("Opp.") at 1. Allowing Plaintiffs the opportunity to proceed on this theory at this stage in the litigation would prejudice Defendants, they say, since the Complaint guides the defense's discovery and strategic development processes. *Id.*

As a preliminary matter, the Court disagrees that Plaintiffs did not plead the "reckless

1  disregard" theory in the operative complaint.  True, Counts 20 through 25 and Count 27—the

2  various individual plaintiffs' Bane Act claims—do not expressly mention "reckless disregard."

3  ECF No. 83 ¶¶ 282–305, 310–313.  However, each of those causes of action incorporates the

4  preceding allegations of the Third Amended Complaint, and the preceding allegations under

5  Plaintiffs' constitutional claims repeatedly state that Defendants' actions were taken with "reckless

6  disregard" for Plaintiffs' rights.  *E.g.*, *id.* ¶¶ 215, 221, 227, 233, 239, 245.  Therefore, drawing all

7  inferences in their favor, Plaintiffs did preserve the "reckless disregard" theory in the Third

8  Amended Complaint.

9      That said, Defendants are correct that Plaintiffs failed to effectively raise this theory in

10  opposition to Defendants' motion for summary judgment.  As Defendants note, Plaintiffs

11  summarily address Defendants' efforts to dismiss the Bane Act claims in a single sentence of their

12  Opposition brief, saying that "[f]or the same reasons stated in [the section addressing the Fourth

13  Amendment claims], the Bane Act claims survive."  ECF No. 113 at 15.  But that section does not

14  expressly mention Defendants acting with "reckless disregard" for Plaintiffs' rights.  Rather,

15  "reckless disregard" is mentioned in only one place in the Opposition papers: the Conclusion,

16  where Plaintiffs say that "[t]he law disfavors [summary judgment] when there are factual matters

17  at stake that are best suited for determination by people who make up the very society that may

18  one day be affected by such inept conduct and reckless disregard."  *Id.* at 25.  In other words,

19  Plaintiffs apparently did not even attempt to offer evidence on the second element of their Bane

20  Act claim—that defendant(s) "intended to deprive" them of their enjoyment of the interests

21  protected by the right claimed to have been violated, *see* Judicial Counsel of California Civil Jury

22  Instructions ("CACI"), No. 3066, Bane Act – Essential Factual Elements—in their Opposition to

23  Defendants' Motion for Summary Judgment.

24      In spite of this failure, Plaintiffs are correct about the validity of a "reckless disregard"

25  theory in support of a Bane Act claim.  "[T]he egregiousness required by Section 52.1 is tested by

26  whether the circumstances indicate [an] arresting officer had a specific intent to violate" a

27  plaintiff's rights, so it is not a requirement that the evidence "shows something beyond the

28  coercion 'inherent'" in the officer's conduct.  *Cornell*, 17 Cal. App. 5th at 801–02.  That specific

3

1  intent requirement can be met where the officer acted "in reckless disregard of constitutional [or
2  statutory] prohibitions or guarantees." *Cornell*, 17 Cal. App. 5th at 803 (alteration in original);
3  *accord Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1044–45 (9th Cir. 2018) (explaining that
4  while a defendant need not have been "thinking in constitutional or legal terms" at the time of the
5  challenged conduct, the Bane Act does require a showing of specific intent in addition to the
6  "elements of the predicate constitutional violation"). Since the weight of the law since *Cornell*
7  was decided in 2017 has made clear that "the Bane Act does not require the 'threat, intimidation or
8  coercion' element of the claim to be transactionally independent from the constitutional violation
9  alleged," *Reese*, 888 F.3d at 1043, it was incorrect for this Court to impose such a requirement on
10 Plaintiffs at summary judgment in this case.

11 There is another issue for the Court to address in this reconsideration motion, however:
12 waiver. Defendants' motion for summary judgment expressly stated that Plaintiffs had not
13 provided evidence of Defendants' specific intent to violate protected rights, citing *Cornell*. ECF
14 No. 101 at 23. The burden then shifted to Plaintiffs to put forth "specific facts showing that there
15 [wa]s a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
16 Plaintiffs' failure to respond by identifying facts going to the specific intent element of their Bane
17 Act claims therefore begs the question of whether they waived their reckless disregard argument.
18 *See United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 999 (9th Cir. 2002) ("[B]ecause
19 Aflatooni failed to present this evidence to the district court in opposition to the motion for
20 summary judgment, either in his written briefs and affidavits or at the summary judgment hearing,
21 he has waived this argument."); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571
22 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration 'may not be used to raise arguments
23 or present evidence for the first time when they could reasonably have been raised earlier in the
24 litigation.'" (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000))).

25 The Court finds the waiver issue challenging under the circumstances. On the one hand, "a
26 district court is 'not required to comb the record to find some reason to deny a motion for
27 summary judgment.'" *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029–30 (9th
28 Cir. 2001) (quoting and reaffirming *Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th

Cir. 1988)). The litigants are responsible for making all relevant arguments and directing the Court's attention to the supporting evidence, and a failure to do so can waive an argument. *See United States ex rel. Markus v. Aerojet Rocketdyne Holdings, Inc.*, No. 2:15-cv-02245, 2022 WL 815823, at *1 (E.D. Cal. Mar. 17, 2022) ("[R]elator waived his argument by not addressing it on the parties' cross-motions for summary judgment."). On the other hand, in this case Plaintiffs' evidence relating to their constitutional claims could potentially *also* go to the specific intent factor of the Bane Act claims. Had the Court applied the *Cornell* standard in analyzing Plaintiffs' Bane Act claims, the Court could have inferred from the disputes of fact on the constitutional claims that there was also a dispute of fact on the specific intent issue.

For that reason, the Court will permit Plaintiffs' Bane Act claims to proceed to trial.

**IT IS SO ORDERED.**

Dated: January 23, 2025

_____
BETH LABSON FREEMAN
United States District Judge